THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Sandra Kay
 Jackson, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Franklin Jackson, Appellant.
 
 
 
 
 

Appeal From Cherokee County
Jerry D. Vinson, Jr., Family Court Judge

Unpublished Opinion No. 2011-UP-110
 Submitted March 1, 2011  Filed March 16,
2011

AFFIRMED

 
 
 
 William G. Rhoden, of Gaffney, for
 Appellant.
 Noel Turner, of Spartanburg, for
 Respondent.
 
 
 

PER CURIAM: Franklin
 Jackson (Husband) appeals the family court's order awarding Sandra Kay Jackson (Wife) half of the
 marital estate and $1,975 in monthly alimony.  We affirm.[1]
1. As to whether the
 family court erred in awarding Wife half of the marital estate: The family court properly considered the relevant
 factors in apportioning the marital property and made extensive written and
 oral findings regarding these factors.  See S.C.
 Code Ann. § 20-3-620 (Supp. 2010); Doe v. Doe, 370 S.C. 206, 213, 634 S.E.2d 51, 55 (Ct. App. 2006) ("The division of marital
 property is in the family court's discretion and will not be disturbed absent
 an abuse of that discretion.").  Additionally, the record contains evidence supporting each of those
 findings.  
Husband's argument that the
 family court placed an extensive amount of weight on the length of marriage is
 without merit.  The duration of the marriage is a factor the family court must
 consider.  See S.C. Code Ann. § 20-3-620(1). Furthermore, Husband failed to
 demonstrate special circumstances that would merit a deviation from the
 equitable division of the marital property.  SeeAvery v. Avery,
 370 S.C. 304, 312, 634 S.E.2d 668, 672 (Ct. App. 2006) (holding if a
 party can show special circumstances the family court can tilt "the
 equitable division scale in favor of one spouse").  Although Husband contributed more financially than
 Wife, both parties contributed financially to the marital estate.  Additionally,
 Wife served as the primary caretaker of the home and child.   Moreover, Husband
 was in a better financial position because he was still employed and planned on
 working until he reached full retirement.  
2. As to whether the
 family court erred in awarding Wife $1,975 in monthly alimony:  The family court did not abuse its discretion in
 ordering Husband to pay Wife $1,975 in monthly alimony.  See Davis v. Davis, 372 S.C. 64, 79, 641 S.E.2d 446, 453-54 (Ct.
 App. 2006) ("An award of alimony rests
 within the sound discretion of the family court and will not be disturbed
 absent an abuse of discretion.").  In awarding Wife alimony, the family court considered the length of
 marriage, Husband's and Wife's ages and health, educational background and
 employment history of each spouse, their standard of living, anticipated
 earnings and expenses of each spouse, and marital and non-marital property. 
 The family court properly considered the relevant factors in determining the
 amount of alimony, and the record contains evidence supporting each of those
 findings.  See S.C. Code Ann. § 20-3-130(C) (Supp. 2010); see also Davis, 372 S.C. at 80, 641 S.E.2d at 454 ("Our inquiry on appeal is not whether the family court
 gave the same weight to particular factors as this court would have; rather,
 our inquiry extends only to whether the family court abused its considerable
 discretion in assigning weight to the applicable factors.").  
Additionally, Husband's
 argument that the alimony was excessive is without merit because the alimony
 would provide Wife with sufficient funds to cover her expenses and it did not
 provide her with significant additional funds.  Furthermore, Husband's argument
 that Wife is not entitled to alimony because she has inherited a home and has
 received a significant marital estate is unpersuasive.   The purpose of alimony
 is to ensure Wife is in the similar position as she experienced during her
 marriage.  Currently, Wife's only monthly income is $1,057 in social security
 benefits, but her expenses total over $2,500, leaving her a deficit of $1,465
 per month.  Accordingly, the record supports a finding that alimony is
 necessary to maintain her lifestyle.  Furthermore, the family court noted that
 it adjusted Husband's alimony requirements due to Wife's inherited property.  
AFFIRMED.
HUFF, SHORT, and PIEPER,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.